# Commonwealth *v.* Joy, Appellant.

*Appeals—Paper-books—Failure to print evidence.*

On an appeal where the assignments of error relate to the rejection of evidence and it appears that the evidence is not printed in the paper-books, and there is nothing to identify as evidence certain exhibits printed in the affidavit of the appellant's paper-book and relied upon by him, the judgment will be affirmed.

Argued Oct. 2, 1905.   Appeal, No. 63, April T., 1906, by defendant, from judgment of Q. S. Allegheny Co., June T., 1905, No. 166, on verdict of guilty in case of Commonwealth v. Frank Joy.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Indictment for conspiracy.   Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were to the rejection of several offers of evidence.

*W. T. Tredway,* with him *W. J. Brennan,* for appellant.

No appearance nor paper-book for appellee.

OPINION BY BEAVER, J., November 21, 1905 :

The defendant and John P. Graham were jointly indicted for that they " did falsely and maliciously conspire and agree together to cheat and defraud one John H. Fisher of his moneys, goods, chattels and other property, and other dishonest, malicious and unlawful acts then and there to do, to the prejudice of him, the said John H. Fisher," etc.   They were tried June 20, 1905, and severally convicted.

After a motion for a new trial, which was duly argued and overruled, the appellant took his appeal to this court, assigning for error the sustaining by the court below of the objections of the prosecution to certain offers of evidence made by the defendant.

The testimony is not printed.   Even what is printed in the appendix as exhibits has no marks of identification and are not shown in any way to have been offered in evidence.   There is no certificate either of the clerk of the court nor of the trial judge that they were so offered.   The bill of exceptions, granted four months after the trial, is " Certified only because counsel for the commonwealth have assented thereto, my own recollection after this lapse of time being defective.   John M. KENNEDY, P. J."

It is impossible for us, with a record in this condition, to determine whether certain questions which the counsel of the appellant now allege were asked at the trial were in fact properly asked as cross-examination.   There is nothing before us of record by which to try either their competency or relevancy. It is true that, if the facts stated in the history of the case and in the argument of appellant's counsel were part of the record, we might have something upon which to base an opinion in regard to the subject, but they are not part of the record and, therefore, cannot be considered by us in determining the questions presented.

Inasmuch as all of the assignments of error depend upon practically similar grounds and there is nothing in the record by which we can reach an intelligent conclusion in regard to the competency or relevancy of any of the testimony offered, the assignments must all be overruled.

Judgment affirmed.